**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

**NATIONAL PARKS CONSERVATION ASSOCIATION,**

**Plaintiff,**

**v.**

**KEN SALAZAR, et al.,**[1]

**Defendants,**

**and**

**NATIONAL MINING ASSOCIATION,**

**Intervenor-Defendant.**

**No. 1:09-cv-00115-HHK**

**ANSWER OF INTERVENOR-DEFENDANT NATIONAL MINING ASSOCIATION TO PLAINTIFF'S AMENDED COMPLAINT**

Intervenor-Defendant National Mining Association ("NMA") files this Answer pursuant to Rules 12 and 15 of the Federal Rules of Civil Procedure. Any allegation not specifically admitted below is denied. Answering the numbered paragraphs of the Amended Complaint (served February 18, 2009), NMA admits, denies, and avers as follows:

1. Paragraph 1 contains Plaintiff's characterizations of this lawsuit, which require no response. NMA admits that the Office of Surface Mining and Enforcement ("OSM") issued a final rule on December 12, 2008 (the "challenged rule"), in which the Environmental Protection

---

[1] Secretary of the Interior Ken Salazar, Acting Director of the Office of Surface Mining Reclamation and Enforcement ("OSM") Glenda Owens, and Environmental Protection Agency ("EPA") Administrator Lisa Jackson are automatically substituted as Defendants for their predecessors by operation of Fed R. Civ. P. 25(d).

Agency ("EPA") concurred. NMA further admits that the challenged rule became effective on January 12, 2009.

2-3. Paragraphs 2 and 3 purport to summarize and characterize the challenged rule and regulations promulgated by the OSM in 1983. The rule and regulations, as well as the underlying administrative record cited, speak for themselves and are the best evidence of their content. Any allegations to the contrary of that best evidence are denied.

4. The first sentence of Paragraph 4 states a conclusion of law, to which no response is required; insofar as it is deemed to contain allegations of fact, those allegations are denied. In addition, Paragraph 4 purports to selectively summarize and characterize portions of a Final Environmental Impact Statement ("FEIS") and Draft Environmental Impact Statement ("DEIS") prepared in conjunction with the challenged rule. The FEIS and DEIS, as with the entire administrative record underlying the challenged rule, speak for themselves and are the best evidence of their content. Any allegations to the contrary of that best evidence are denied.

5. Paragraph 5 states conclusions of law, to which no response is required; insofar as it is deemed to contain allegations of fact, those allegations are denied.

6. The first sentence of Paragraph 6 states conclusions of law, to which no response is required; insofar as it is deemed to contain allegations of fact, those allegations are denied. The second sentence of Paragraph 6 purports to summarize regulations promulgated pursuant to the Surface Mining Control and Reclamation Act of 1977 ("SMCRA"). The regulations speak for themselves and are the best evidence of their content. Any allegations to the contrary of that best evidence are denied.

7. Paragraph 7 states conclusions of law, to which no response is required; insofar as it is deemed to contain allegations of fact, those allegations are denied.

8. Paragraph 8 states conclusions of law, to which no response is required. In addition, Paragraph 8 selectively quotes from and characterizes a Biological Opinion ("BiOp") issued by the U.S. Fish and Wildlife Service ("FWS"), as well as the challenged rule. The BiOp and the challenged rule speak for themselves and are the best evidence of their content. Any allegations to the contrary of that best evidence are denied. All other allegations in Paragraph 8 are denied.

9. Paragraph 9 states conclusions of law, to which no response is required; insofar as Paragraph 9 is deemed to contain allegations of fact, those allegations are denied.

10. Paragraph 10 consists of Plaintiff's characterizations of this lawsuit and states conclusions of law, to which no response is required. All other allegations in Paragraph 10 are denied.

11. Paragraph 11 states conclusions of law concerning jurisdiction and venue, to which no response is required; insofar as it is deemed to contain allegations of fact, those allegations are denied.

12-14. NMA lacks sufficient information to form a belief as to the truth of the allegations in Paragraphs 12 through 14, inclusive, and therefore denies those allegations.

15. NMA lacks sufficient information to form a belief as to the truth of the allegations in the first sentence of Paragraph 15 and therefore denies those allegations. The remaining sentences of Paragraph 15 state conclusions of law, to which no response is required; insofar as they contain allegations of fact, those allegations are denied.

16. NMA lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 16 and therefore denies those allegations. Further, insofar as Paragraph

16 purports to summarize or characterize, a petition, the petition speaks for itself and is the best evidence of its content. Any allegations to the contrary of that best evidence are denied.

17. NMA lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 17 and therefore denies those allegations. Further, insofar as Paragraph 17 purports to summarize or characterize written notices, the notices speak for themselves and are the best evidence of their content. Any allegations to the contrary of that best evidence are denied.

18. The first two sentences of Paragraph 18 are admitted. The third sentence of Paragraph 18 purports to summarize a provision of SMCRA. The statutory provision cited speaks for itself and is the best evidence of its content. Any allegations to the contrary of that best evidence are denied. The fourth sentence of Paragraph 18 is admitted. In further response, NMA avers that Secretary Salazar is automatically substituted as Defendant in his official capacity pursuant to Fed. R. Civ. P. 25(d).

19. The first sentence of Paragraph 19 is admitted. NMA admits that the challenged rule was promulgated on December 12, 2008 and became effective on January 12, 2009. In addition, Paragraph 19 purports to selectively quote from and characterize provisions of SMCRA. The statutory provisions cited speak for themselves and are the best evidence of their content. Any allegations to the contrary of that best evidence are denied. The last sentence of Paragraph 19 is admitted. In further response, NMA avers that Acting Director of OSM Glenda Owens is automatically substituted as Defendant in her official capacity pursuant to Fed. R. Civ. P. 25(d).

20. The first sentence of Paragraph 20 is admitted. The second and third sentences of Paragraph 20 purport to summarize provisions of SMCRA and the Clean Water Act

("CWA"). The statutory provisions cited speak for themselves and are the best evidence of their content. Any allegations to the contrary of that best evidence are denied. The allegations of the fourth and fifth sentences of Paragraph 20 are admitted. In further response, NMA avers that EPA Administrator Lisa Jackson is automatically substituted as Defendant in her official capacity pursuant to Fed. R. Civ. P. 25(d).

21. Paragraph 21 purports to selectively quote from and characterize provisions of SMCRA. The statutory provisions cited speak for themselves and are the best evidence of their content. Any allegations to the contrary of that best evidence are denied.

22. Paragraph 22 purports to selectively quote from regulations enacted pursuant to SMCRA. The regulations cited speak for themselves and are the best evidence of their content. Any allegations to the contrary of that best evidence are denied.

23. Paragraph 23 purports to selectively quote from and summarize provisions of the Endangered Species Act ("ESA"). The statutory provisions cited speak for themselves and are the best evidence of their content. Any allegations to the contrary of that best evidence are denied.

24-26. Paragraphs 24 through 26, inclusive, purport to selectively quote from and summarize regulations implementing the ESA. The regulations cited speak for themselves and are the best evidence of their content. Any allegations to the contrary of that best evidence are denied.

27. Paragraph 27 purports to selectively quote from and summarize provisions of the CWA and its implementing regulations. The provisions of the CWA and implementing regulations cited speak for themselves and are the best evidence of their content. Any allegations to the contrary of that best evidence are denied.

28. Paragraph 28 purports to selectively quote from regulations promulgated by the OSM in 1983. The regulations cited speak for themselves and are the best evidence of their content. Any allegations to the contrary of that best evidence are denied.

29. Paragraph 29 purports to summarize and characterize regulations promulgated pursuant to SMCRA in 1983 and the challenged rule. The regulations cited and the challenged rule, as well as the underlying administrative record cited, speak for themselves and are the best evidence of their content. Any allegations to the contrary of that best evidence are denied.

30. The first sentence of Paragraph 30 states a conclusion of law, to which no response is required. In addition, Paragraph 30 purports to characterize and selectively quote from a federal district court decision and decision by the U.S. Court of Appeals for the Fourth Circuit. The decisions cited speak for themselves and are the best evidence of their content. Any allegations to the contrary of that best evidence are denied. All remaining allegations in Paragraph 30 are denied.

31. Paragraph 31 purports to summarize and selectively quote from a BiOp. The BiOp cited speaks for itself and is the best evidence of its content. Any allegations to the contrary of that best evidence are denied.

32. Paragraph 32 purports to summarize provisions of SMCRA. The statutory provisions cited speak for themselves and are the best evidence of their content. Any allegations to the contrary of that best evidence are denied.

33. Paragraph 33 purports to characterize and selectively quote from a BiOp and Incidental Take Statement (“ITS”). The BiOp and ITS cited speak for themselves and are the best evidence of their content. Any allegations to the contrary of that best evidence are denied.

34. The first sentence of Paragraph 34 purports to characterize a BiOp. The BiOp cited speaks for itself and is the best evidence of its content. Any allegations to the contrary of that best evidence are denied. All remaining allegations in Paragraph 34 are denied.

35. Paragraph 35 states conclusions of law, to which no response is required; insofar as it contains allegations of fact, those allegations are denied.

36. Paragraph 36 purports to characterize and selectively quote from the FEIS accompanying the challenged rule and a letter reprinted in the FEIS. The FEIS and letter cited, as well as the entire administrative record underlying the challenged rule, speak for themselves and are the best evidence of their content. Any allegations to the contrary of that best evidence are denied. All remaining allegations in Paragraph 36 are denied.

37. Paragraph 37 purports to characterize and selectively quote from certain federal "studies." The documents cited speak for themselves and are the best evidence of their content. Any allegations to the contrary of that best evidence are denied.

38. NMA lacks sufficient information to form a belief as to the truth of the allegations in sentences one and two of Paragraph 38 and therefore denies those allegations. All other allegations in Paragraph 38 are denied.

39. Paragraph 39 is Plaintiff's characterization of this lawsuit and states conclusions of law, to which no response is required; insofar as it contains allegations of fact, those allegations are denied.

40. NMA lacks sufficient information to form a belief as to the truth of the allegations in the first four sentences of Paragraph 40 and therefore denies those allegations. The allegations in the fifth sentence of Paragraph 40 are denied. In addition, insofar as Paragraph 40 purports to selectively quote from and characterize various reports, those reports speak for

themselves and are the best evidence of their content. Any allegations to the contrary of that best evidence are denied.

41. The first sentence of Paragraph 41 purports to selectively quote from a "report" on biodiversity. The document cited speaks for itself and is the best evidence of its content. Any allegations to the contrary of that best evidence are denied. NMA lacks sufficient information to form a belief as to the truth of the remaining allegations of Paragraph 41 and therefore denies those allegations.

42. Paragraph 42 states conclusions of law, to which no response is required. In addition, Paragraph 42 purports to selectively summarize federal reports and other documents authored by federal officials. The reports and documents cited speak for themselves and are the best evidence of their content. Any allegations to the contrary of that best evidence are denied.

43. NMA lacks sufficient information to form a belief as to the truth of the allegations in the first two sentences of Paragraph 43 and therefore denies those allegations. In addition, insofar as Paragraph 43 purports to summarize various governmental documents, reports, and memoranda, the documents, reports, and memoranda cited speak for themselves and are the best evidence of their content. Any allegations to the contrary of that best evidence are denied. All other allegations in Paragraph 43 are denied.

44. NMA lacks sufficient information to form a belief as to the truth of the allegations in the first, second, fifth, and sixth sentences of Paragraph 44 and therefore denies those allegations. The third and fourth sentences of Paragraph 44 purport to selectively quote from a governmental document. The document cited speaks for itself and is the best evidence of its content. Any allegations to the contrary of that best evidence are denied. The seventh sentence of Paragraph 44 states a conclusion of law, to which no response is required. In

addition, insofar as Paragraph 44 purports to summarize and selectively quote from various reports and other documents, the reports and documents cited speak for themselves and are the best evidence of their content. Any allegations to the contrary of that best evidence are denied. All remaining allegations in Paragraph 44 are denied.

45. Paragraph 45 purports to summarize administrative records and a Recovery Plan. The administrative records and Recovery Plan cited speak for themselves and are the best evidence of their content. Any allegations to the contrary of that best evidence are denied.

46. Paragraph 46 states conclusions of law, to which no response is required; insofar as it is deemed to contain any allegations of fact, those allegations are denied.

47. Paragraph 47 states conclusions of law, to which no response is required. In addition, Paragraph 47 purports to characterize and selectively quote from the FEIS accompanying the challenged rule. The FEIS cited speaks for itself and is the best evidence of its content. Any allegations to the contrary of that best evidence are denied. All other allegations in Paragraph 47 are denied.

48. Paragraph 48 purports to characterize the administrative record underlying the challenged rule, the final provisions of the challenged rule, provisions of SMCRA, an FEIS, a DEIS, and other "scientific evidence." The administrative record, the challenged rule, SMCRA, the FEIS, the DEIS, and other documents cited speak for themselves and are the best evidence of their content. Any allegations to the contrary of that best evidence are denied. All other allegations in Paragraph 48 are denied.

49. Paragraph 49 purports to characterize and selectively quote from the administrative record underlying the challenged rule. The administrative record cited speaks for

itself and is the best evidence of its content. Any allegations to the contrary of that best evidence are denied.

50. Paragraph 50 states conclusions of law, to which no response is required; insofar as it is deemed to contain allegations of fact, those allegations are denied.

51. Paragraph 51 states conclusions of law, to which no response is required; insofar as it is deemed to contain allegations of fact, those allegations are denied.

52. Paragraph 52 states conclusions of law, to which no response is required; insofar as it is deemed to contain allegations of fact, those allegations are denied.

53. NMA incorporates its responses to Paragraphs 1 through 52, inclusive, as though fully set forth herein.

54-55. Paragraphs 54 and 55 state conclusions of law, to which no response is required; insofar as they are deemed to contain allegations of fact, those allegations are denied.

56. NMA incorporates its responses to Paragraphs 1 through 55, inclusive, as though fully set forth herein.

57. Paragraph 57 states conclusions of law, to which no response is required; insofar as it is deemed to contain allegations of fact, those allegations are denied.

58. Paragraph 58 states conclusions of law, to which no response is required. In addition, and the first two sentences of Paragraph 58 purport to characterize the challenged rule. The rule speaks for itself and is the best evidence of its content. Any allegations to the contrary of that best evidence are denied. All other allegations in Paragraph 58 are denied.

59-62. Paragraphs 59 through 62, inclusive, state conclusions of law, to which no response is required; insofar as they are deemed to contain allegations of fact, those allegations are denied.

63. NMA incorporates its responses to Paragraphs 1 though 62, inclusive, as though fully set forth herein.

64-68. Paragraphs 64 through 68, inclusive, state conclusions of law, to which no response is required; insofar as they are deemed to contain allegations of fact, those allegations are denied.

69. NMA incorporates its responses to Paragraphs 1 through 68, inclusive, as though fully set forth herein.

70-74. Paragraphs 70 through 74, inclusive, state conclusions of law, to which no response is required; insofar as they are deemed to contain allegations of fact, those allegations are denied.

75. NMA incorporates its responses to Paragraph 1 through 74, inclusive, as though fully set forth herein.

76-78. Paragraphs 76 through 78, inclusive, state conclusions of law, to which no response is required; insofar as they are deemed to contain allegations of fact, those allegations are denied. In addition, insofar as they purport to characterize and quote from the FEIS accompanying the challenged rule, various "studies," and a BiOp, the FEIS, studies, and the BiOp cited speak for themselves and are the best evidence of their content. Any allegations to the contrary of that best evidence are denied. All remaining allegations in Paragraph 76 through 78 are denied.

79. NMA incorporates its responses to Paragraph 1 through 78, inclusive, as though fully set forth herein.

80. Paragraph 80 purports to characterize and quote selectively from provisions of SMCRA. The statutory provisions cited speak for themselves and are the best evidence of their content. Any allegations to the contrary of that best evidence are denied.

81. The allegations of Paragraph 81 are admitted.

82. Paragraph 82 states conclusions of law, to which no response is required; insofar as it is deemed to contain allegations of fact, those allegations are denied.

83. Paragraph 83 states conclusions of law, to which no response is required; insofar as it is deemed to contain allegations of fact, those allegations are denied.

84. NMA incorporates its responses to Paragraphs 1 through 83, inclusive, as though fully set forth herein.

85-89. Paragraphs 85 through 89, inclusive, state conclusions of law, to which no response is required; insofar as it is deemed to contain allegations of fact, those allegations are denied. In addition, insofar as Paragraph 85 and 86 selectively quote from regulations implementing the ESA, the regulations cited speak for themselves and are the best evidence of their content. Any allegations to the contrary of that best evidence are denied.

The remaining allegations of the Amended Complaint consist of Plaintiff's Prayer for Relief, to which no response is required, but to the extent it is deemed to include allegations of fact, those allegations are denied. NMA denies that Plaintiff is entitled to any relief whatsoever, and respectfully prays that the Amended Complaint be dismissed with prejudice in its entirety.

**AFFIRMATIVE DEFENSES**

1. This Court lacks jurisdiction over some or all of Plaintiff's claims.

2. Plaintiff lacks standing to bring some or all of its claims.

3. Some of all of Plaintiff's claims are not ripe for review.

4. Plaintiff fails to state a claim on which relief can be granted.

* * *

WHEREFORE, NMA respectfully requests that this Court deny all relief sought by Plaintiff, grant judgment to Defendants and Intervenor, and grant Defendants and Intervenor such additional relief as the Court may deem just and proper.

Respectfully submitted,

*/s/ J. Michael Klise*

J. Michael Klise, No. 412420
jmklise@crowell.com
Kirsten L. Nathanson, No. 463992
knathanson@crowell.com
Ellen Steen, No. 440483
esteen@crowell.com
CROWELL & MORING LLP
1001 Pennsylvania Avenue, N.W.
Washington, D.C. 20004-2595
(202) 624-2500

Attorneys for Intervenor-Defendant National Mining Association

Dated: March 9, 2009