UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NATIONAL PARKS CONSERVATION ASSOCIATION,<br><br>             Plaintiff,<br><br>       v.<br><br>KEN SALAZAR, Secretary of the United States Department of the Interior, et al.,<br><br>             Defendants. | Civil Action 09-00115  (HHK) |

**MEMORANDUM OPINION AND ORDER**

The National Parks Conservation Association ("NPCA") brings this suit against Ken Salazar, Secretary of the Department of the Interior, Glenda Owens, Acting Director of the Office of Surface Mining Reclamation and Enforcement ("OSM"), and Lisa Jackson, Administrator of the Environmental Protection Agency ("EPA"), (collectively, the "Federal defendants") challenging the promulgation of OSM's Final Rule for "Excess Spoil, Coal Mine Waste, and Buffers for Perennial and Intermittent Streams," 73 Fed. Reg. 75,814 (Dec. 12, 2008) ("SBZ Rule"), and the EPA's written determination concurring in the promulgation of the Rule.  NPCA alleges that the Federal defendants violated the Administrative Procedures Act, 5 U.S.C. § 551 *et seq.* ("APA"), the Surface Mining Control and Reclamation Act, 30 U.S.C. § 1276, subsection 7(a)(2) of the Endangered Species Act, 16 U.S.C. § 1536(a)(2) ("ESA"), and sections 101 and 303 of the Clean Water Act, 33 U.S.C. §§ 1251, 1313.  The National Mining Association ("NMA") has been permitted intervene as a defendant.

Before the Court are the motions of the Federal defendants to remand and vacate the SBZ Rule [#10] and to dismiss this action for lack of jurisdiction [#12] on the grounds that there no longer exists a case and controversy.  Upon consideration of the motions, the oppositions thereto, and the record in this case, the Court concludes that the motions should be denied.

## I. BACKGROUND

On December 12, 2008, after publishing notice and soliciting public comment on its proposed amendment to regulations regarding stream buffer zones, OSM published the SBZ Rule, which regulates excess mining spoil, disposal of mine waste, stream buffer zones, and stream-channel diversions.  NPCA filed this suit in January 2009 alleging that the Federal defendants violated several statutes in promulgating and concurring in the promulgation of the SBZ Rule.  In April 2009, Secretary Salazar "determined that the OSM erred in failing to initiate consultation with the U.S. Fish and Wildlife Service under the ESA to evaluate possible effects of the SBZ Rule on threatened and endangered species." Defs.' Mot. for Remand & Vacatur at 2.  Accordingly, the Federal defendants move to remand and vacate the SBZ Rule and to dismiss this action.  NMA opposes the Federal defendants' motions and the NPCA supports the motions.

## II. ANALYSIS

The Federal defendants argue that this Court should employ its equitable authority to remand, as well as vacate, the SBZ Rule because Secretary Salazar has confessed serious legal deficiencies in the rulemaking and vacatur will not result in disruptive consequences.  The Federal defendants further argue that there no longer exists a case or controversy between the parties, and that judicial efficiency counsels in favor of the Federal defendants' position that this

case should be dismissed, because dismissal would afford plaintiff the same relief that it would receive if it won on the merits.

In opposition, the NMA argues that the Federal defendants should not be permitted to bypass the APA's procedures for repealing an agency rule.  The NMA disputes the Federal defendants' assertion that there was any legal deficiency in the rule making leading up to the promulgation of the SBZ Rule and the Federal defendants' contention that vacating the rule would not cause disruption.  The NMA's position has merit.

The cases cited by the Federal defendants provide scant support for their position that remand and vacatur is appropriate here because the circumstances addressed in those cases are materially different from those extant here.  For example in *Allied-Signal, Inc. v. U.S. Nuclear Regulatory Commission*, 988 F.2d 146, 150-51 (D.C. Cir. 1993), and *United Mine Workers v. Dole*, 870 F.2d 662, 673-74 (D.C. Cir. 1989), a court remanded and vacated an agency action only after reaching the merits of the challenge.  Here, the Federal defendants seek a remand and vacatur of the SBZ Rule without a determination on the merits that the SBZ Rule is legally deficient.  Other cases cited by the Federal defendants relate to an agency's motion for voluntary remand upon a finding of significant new evidence.  *See Ethyl Corp. v. Browner*, 989 F.2d 522, 524 (D.C. Cir. 1993) (holding that where there was significant new evidence, a remand was appropriate).  Here, the Federal defendants point to no new evidence and ask the Court not only to remand the case, but to vacate the SBZ Rule.

*Building Industries Legal Defense Foundation v. Norton,* 231 F. Supp. 2d 100 (D.D.C. 2002) and *National Association of Home Builders v. Evans*, No. 00-cv-02799, 2002 WL 1205743 (D.D.C. 2002) also addressed materially different circumstances.  In *National Association of*

*Home Builders*, the court approved a consent decree that vacated and remanded an agency rule over the objections of *amici curiae* where the Secretary of Commerce confessed legal error in light of an adverse Tenth Circuit decision. 2002 WL 1205743, at *3. There, all parties to the case agreed that the rule should be remanded and vacated. *Id.* Here, NMA, a full party to the case as an intervenor, *see District of Columbia v. Merit Sys. Protection Bd.*, 762 F.2d 129, 132 (D.C. Cir. 1985), opposes the Federal defendants' motion for vacatur. Further, while not reaching the merits itself, the court in *National Association of Home Builders* reviewed the Tenth Circuit decision on the merits, which had caused the Secretary of Commerce to confess error, and found the other court's opinion to be "well-reasoned" and founded in "persuasive rationale." 2002 WL 1205743, at *3. In *Building Industry Legal Defense Foundation*, the case which NMA concedes to be most factually analogous to this case, the court granted a motion for remand and vacatur over the objections of intervenor environmental groups where the Secretary of the Interior decided that a rule required reconsideration in light of the same Tenth Circuit decision. 231 F. Supp. 2d at 108. There, however, all parties agreed that the rule should be remanded because legal error existed in the rulemaking process and the only dispute concerned how the agency should be instructed upon remand and whether vacatur was also appropriate. *Id.* at 103.

The Court finds no precedent to support the proposition that it should remand and vacate the SBZ Rule under the circumstances presented here. Moreover, the NMA has the better argument that granting the Federal defendants' motion would wrongfully permit the Federal defendants to bypass established statutory procedures for repealing an agency rule. The APA requires government agencies to follow certain procedures, including providing for public notice and comment, before enacting or amending a rule. 5 U.S.C. § 553(b), (c). An agency must follow

the same procedure in order to repeal a rule. 5 U.S.C. § 551(5) ("'[R]ule making' means agency process for formulating, amending, or *repealing* a rule."(emphasis added)); *see Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 42 (1983) ("[A]n agency changing its course by repealing a rule is obligated to supply a reasoned analysis for the change."); *Consumer Energy Council of Am. v. FERC*, 673 F.2d 425, 446 (D.C. Cir. 1982), *aff'd*, 463 U.S. 1216 (1983) ("[T]he APA expressly contemplates that notice and an opportunity to comment will be provided prior to agency decisions to repeal a rule."). While notice and comment procedure is not required where a court vacates a rule after making a finding on the merits, *see, e.g., Cement Kiln Recycling Coal v. EPA*, 255 F.3d 855, 872 (D.C. Cir. 2001), granting vacatur here would allow the Federal defendants to do what they cannot do under the APA, repeal a rule without public notice and comment, without judicial consideration of the merits.

### III. CONCLUSION

For the reason set forth above and because this case quite clearly presents a continuing "case and controversy," it is this 12th day of August 2009, hereby

**ORDERED** that defendants' motions for voluntary remand and vacatur [#10] is **DENIED**; and it is further

**ORDERED** that defendants' motion to dismiss [#12] is **DENIED**.

Henry H. Kennedy, Jr.<br>
United States District Judge